UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MADELYN P. GENSKOW,

    Plaintiff,

v.                                 Case No. 20-C-731

TODD DELAIN and
TROY STRECKENBACH,

    Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Madelyn Genskow, who is representing herself, filed this action against Defendants Brown County Sheriff Todd Delain and Brown County Executive Troy Streckenbach on May 12, 2020. On August 13, 2020, Defendants moved for judgment on the pleadings. Dkt. No. 18. Plaintiff was granted an extension to October 5, 2020, to respond to the motion. Dkt. No. 24. No response to the motion for judgment on the pleadings has been filed and the time to do so has expired.

Plaintiff's failure to respond to Defendants' motion for judgment on the pleadings is itself grounds to grant the motion. *See* Civil L.R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the court to grant the motion."). In addition, under Civil Local Rule 41(c), "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice." For these reasons, Defendants' motion for judgment on the pleadings will be granted. Even on the merits, however, the result is the same.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to seek judgment on the pleadings after the pleadings have been closed. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Courts apply the same standards in deciding a motion for judgment on the pleadings as they do in deciding a motion to dismiss. *Landmark Am. Ins. Co. v. Hilger*, 838 F.3d 821, 824 (7th Cir. 2016). To survive a motion to dismiss or for judgment on the pleadings, the challenged pleading must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Defendants assert the complaint must be dismissed because Plaintiff does not have Article III standing to assert a claim against them. Article III of the United States Constitution limits the jurisdiction of federal courts to actual "case" or "controversies" brought by litigants who demonstrate standing. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017). "In order to have standing, a litigant must 'prove that [she] has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable decision.'" *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 691–92 (7th Cir. 2015) (citation omitted). The plaintiff bears the burden of pleading sufficient factual allegations that "plausibly suggest" each element. *Groshek*, 865 F.3d at 886 (citation omitted). "A plaintiff may not rely on only a 'generalized grievance about the conduct of government'" to establish standing. *Democratic Party of Wisconsin v. Vos*, 966 F.3d 581, 585 (7th Cir. 2020) (quoting *Gill v. Whitford*, 138 S. Ct. 1916, 1931 (2018)).

Plaintiff's claims arise out of events that occurred at a July 10, 2018 meeting of the General Tribal Council of the Oneida Nation held at the Radisson Hotel. Plaintiff is a 77-year-old elder of the Oneida Nation. She alleges that the Oneida Nation police officers violated her right to free

speech and the Indian Civil Rights Act (ICRA), 25 U.S.C. § 1302, when they prevented her from talking at the meeting, physically removed her from the meeting, and issued her a citation for trespassing. She claims that Defendants, in their official capacities, effect a law enforcement service agreement with the Oneida Police Department, which makes Defendants responsible for Oneida Nation police officer misconduct. Thus, she asserts Defendants also violated her right to free speech and the ICRA.

Plaintiff claims that she was prevented from speaking at the Oneida Nation General Tribal Council Meeting in violation of her right to free speech and the ICRA, she was removed from the meeting, and she suffered an injury when she was issued a trespass citation. Any alleged injury Plaintiff suffered is not "fairly traceable" to Defendants, as they were not present at the meeting, did not take any action against her at the meeting, and did not issue the citation or detain her. Plaintiff suggests that, as a result of the law enforcement services agreement between Brown County and the Oneida Nation, Defendants are responsible and liable for the conduct of the Oneida Nation police officers as their supervisors. But the conduct of tribal meetings on tribal land is a matter for tribal determination. Plaintiff's claims are merely "generalized grievances about the conduct of government," which are insufficient to confer standing. *Vos*, 966 F.3d at 585. Therefore, Plaintiff lacks standing to assert her claims against Defendants.

In addition, Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff asserts a claim against Defendants under the ICRA. The ICRA imposes "certain restrictions upon tribal governments similar, but not identical, to those contained in the Bill of Rights and Fourteenth Amendment." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 57 (1978). Because the ICRA only imposes obligations on tribal governments, Brown County is not bound by the Act. Plaintiff's claim under the ICRA is not cognizable and therefore must be dismissed.

3

Plaintiff has also failed to state a claim under 42 U.S.C. § 1983. Plaintiff asserts that Defendants are liable for the conduct of the Oneida Nation police officers under a theory of respondeat superior. Section 1983 does not recognize respondeat superior liability, however. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Instead, section 1983 creates a cause of action based upon personal liability and predicated upon fault. Plaintiff has not alleged that Defendants had any personal involvement in her removal from the General Tribal Council Meeting or the issuance of the citation. Plaintiff has also failed to state a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). A *Monell* claim requires allegations that the defendant acted pursuant to an unconstitutional custom, policy, or practice. *Id.* at 691. In this case, Plaintiff has failed to set forth any allegations of an alleged policy, practice, or custom that caused her alleged unconstitutional deprivation. For these reasons as well, Plaintiff's claims must be dismissed.

**IT IS THEREFORE ORDERED** that Defendants' motion for judgment on the pleadings (Dkt. No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** with prejudice. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 16th day of October, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
